```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BRYAN A. STRICKLIN,

        Plaintiff,

v.                                      Civil Action No. 5:13CV79
                                                         (STAMP)
ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND REMANDING CIVIL ACTION TO THE
CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

I.   Background

The above-styled civil action was filed in the Circuit Court of Ohio County, West Virginia. The complaint asserts that the plaintiff, Bryan A. Stricklin ("Stricklin"), was improperly denied underinsured motorist ("UIM") coverage by the defendant, Erie Insurance Property & Casualty, Inc. ("Erie"), after he was the passenger in the car of the tortfeasor who caused the accident.

Erie then removed this case to this Court on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy in the case exceeds $75,000.00, exclusive of interest and costs. Erie contends that the amount in controversy has been met based on a January 3, 2013 letter from the plaintiff's attorney stating that the plaintiff's claim would be "far in excess" of $70,000.00. Erie then filed an answer denying that the plaintiff was entitled to recover damages from the UIM accident in question in this case.

The plaintiff then filed a motion to remand, which claims that diversity jurisdiction is lacking because the defendant has failed to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs. The plaintiff asserts that the complaint only sought to recover the full limit of Erie's UIM coverage, $50,000.00, and nothing more. The plaintiff further contends that the January 3, 2013 letter from the plaintiff's attorney was meant only to represent the combined total of the liability limit and the UIM limit; thus, the plaintiff was not seeking the entire $70,000.00 and excess from Erie.

The defendant thereafter filed a response in opposition to the plaintiff's motion to remand. The defendant asserts that the January 3 letter clearly claims damages in excess of $70,000.00; claiming breach of contract damages, <u>Hayseeds</u> damages, attorneys' fees, compensation fees, etc. The defendant contends that this letter, along with the severity of the injuries reported by the plaintiff, is proof that the amount in controversy will exceed $75,000.00, exclusive of interest and costs. Further, the defendant claims that this case centers around whether the plaintiff is included in the Erie policy and not whether the policy is valid. Thus, Erie asserts, the amount in controversy is the value of the claim and not the face value of the policy.

The plaintiff, however, filed a reply contesting the defendant's assertions. First, the plaintiff argues that he has

already recovered $20,000.00 from the tortfeasor's policy, reducing the amount in controversy by that amount. Second, the plaintiff reiterated the assertion that the policy limit is $50,000.00 and thus the amount in controversy cannot exceed that value. Third, the plaintiff contends that the defendant's statement that the amount in controversy will be in excess of $70,000.00 does not constitute "competent proof." Finally, the plaintiff disputes the defendant's claim that this is not purely a breach of contract action and reiterates that the value of the claim is simply the policy limit.

The parties have fully briefed the motion, and they are now ripe for the consideration of this Court. For the reasons that follow, this Court will grant the plaintiff's motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and

if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III.  Discussion

In his motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. The burden of establishing that the amount in controversy exceeds the jurisdictional amount rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the

"preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendant has not satisfied its burden of proof and that the value of the plaintiff's claims may exceed $75,000.00, exclusive of interest and costs. The plaintiff's complaint states that the damages he is entitled to are in excess of $70,000.00 from the UIM (the tortfeasor), and $50,000.00 under the Erie UIM policy. The defendant asserts that the "in excess of $70,000" language in both the complaint and the attorney's letter refers to the claim in this action and that such a stipulation by the plaintiff demonstrates that the amount in controversy exceeds $75,000.00. The defendant also argues that the "in excess of $70,000" language applies because the plaintiff is not claiming that the policy is invalid but rather whether or not the plaintiff is included in the Erie policy. Thus, the amount in controversy is the value of the claim, exceeding $70,000.00, rather than the face value of the policy, $50,000.00.

This Court finds, however, that these assertions by the defendant do not show that the amount in controversy will exceed $75,000.00, excluding interest and costs. To reiterate, the party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey, 29 F.3d at 151. As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). The defendant's arguments fail to meet this burden.

The January 3 letter contains a claim for reasonable attorneys' fees and expenses in bringing this action. Under West Virginia law, an insured who substantially prevails in a suit against the insurer is entitled to attorneys' fees and consequential damages. See Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d. 73, 80 (W. Va. 1986). Additionally, there is a presumption that:

> reasonable attorneys' fees . . . are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large. This follows from the contingent nature of most representation of this sort and the fact that the standard contingent fee is 33 percent. But when a claim is for under $20,000 or for over $1,000,000 (to take numbers that are applicable in 1986) the court should then inquire concerning what "reasonable attorneys' fees" are.

Id. Here, the policy is $50,000.00. Therefore, reasonable attorneys' fees are presumed to be 33 percent, or around

6

$16,500.00. Thus, even with the <u>Hayseeds</u> damages, the defendant would only be able to show an amount in controversy of $66,500.00, an amount still below the required amount in controversy.

This illustration, however, is unnecessary if the defendant is correct in concluding that the plaintiff is not only making a contract claim but is also making further extra-contractual claims. Contrary to the defendant's conclusion, however, the plaintiff is only making a claim for the policy limit. The amount in controversy will be no different if the court were to use either the value of the claim or the face value of the policy because both would be $50,000.00 (possibly $66,500.00 if in fact the plaintiff were to prevail on his claim in state court). Thus, without more than the defendant's assertion that the plaintiff is in fact seeking more than the policy limit and something "in excess of $70,000[,]" the defendant has not met its burden in this case.

Accordingly, for the reasons noted above, this Court finds that the defendant has failed to satisfy its burden of showing, through a preponderance of evidence of the same, that the amount in controversy in this case is above $75,000.00, exclusive of interest and costs. This Court thus lacks subject matter jurisdiction and must remand this case to the Circuit Court of Ohio County.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia. Accordingly, it is hereby ORDERED that

this civil action be DISMISSED and STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    September 4, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE